UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDO VILCHIS and BRUNO VILCHIS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>QUALITY STONE CORP., ARGO STONE LLC, PIETRA STONE CORP., and GEORGE PAPADONIKOLALAS<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiffs FERNANDO VILCHIS ("Fernando") and BRUNO VILCHIS ("Bruno") individually and on behalf of others similarly situated by and through their attorneys, FISHER TAUBENFELD LLP, allege against Defendants QUALITY STONE CORP. ("Quality"), ARGO STONE LLC ("Argo"), PIETRA STONE CORP. ("Pietra"), and GEORGE PAPADONIKOLALAS (the "Individual Defendant") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the Corporate Defendants reside in this District.

## THE PARTIES

3. Defendant Quality is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 35-27 Vernon Blvd., Long Island City, New York 11106.

4. Defendant Argo is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 35-27 Vernon Blvd., Long Island City, New York 11106.

5. Defendant Pietra is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 35-27 Vernon Blvd., Long Island City, New York 11106.

6. Upon information and belief, at all times relevant hereto, each Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning individual and collectively gross annual sales over $500,000.

7. Corporate Defendants operate a stone and tile remodeling business.

8. Defendants operated their various corporate entities as an integrated enterprise. They each operate out of the same location. Upon information and belief, the Individual Defendant owned them and they were run by the same management. Employees, including Plaintiff, worked for more than entity, sometimes simultaneously, and the entities shared equipment and supplies.

9. At all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

10. Plaintiffs and Defendants' other employees regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

11. At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

12. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiffs.

14. At all relevant times hereto, Defendants have been Plaintiffs' employers within the meaning of the New York Labor Law ("NYLL") §§ 2 and 651.

15. Each Plaintiff is an adult individual who has been employed by Defendants within the last six (6) years at Defendants' offices.

16. Upon information and belief, the Individual Defendant resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendants.

17. The Individual Defendant makes and/or made hiring and firing, scheduling, and payroll decisions and maintains pay records on behalf of the Corporate Defendants.

18. The Individual Defendant is a natural person engaged in business in the State of New York, who is sued individually in his capacity as an owner, agent, employee or officer of the Corporate Defendants.

19. The Individual Defendant exercises operational control over the Corporate Defendants' operations.

20. At all relevant times, all Defendants have been Plaintiffs' employer within the meaning of the FLSA and NYLL.

21. The Individual Defendant created and enforced policy for the Corporate Defendants, including the employee pay policies and work schedules. All personnel and operational decisions were made or approved by the Individual Defendant.

22. The Individual Defendants is Plaintiffs' employers under the FLSA and NYLL and is individually liable to Plaintiffs.

## NATURE OF THE ACTION

23. Plaintiffs bring this action on behalf of (a) themselves and other similarly situated employees who have worked for the Defendants on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) themselves and other similarly situated employees on or after the date that is six (6) years before the filing of this Complaint pursuant to the NYLL and the New York Commissioner of Labor's Wage Orders codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions:

  i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiffs who worked in excess of forty (40) hours per week; and

  ii. Defendants' failure to provide Plaintiffs with a wage notice or proper paystubs as required by NYLL § 195.

## FACT ALLEGATIONS

24. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs have been and continue to be economically injured.

25. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### *Plaintiff Fernando's Schedule and Pay*

26. Plaintiff Fernando worked for Defendants from 2009 until March 3, 2020.

27. Plaintiff Fernando performed laborer work. He ordered materials, sorted orders, located materials for projects, and constructed the stones that were used for the projects.

28. Plaintiff Fernando worked Monday through Friday from 7:30 a.m. until 5:30 p.m. or 6:00 p.m.

29. On Saturday, Plaintiff Fernando worked from 7:30 a.m. until 2:30 p.m. or 3:00 p.m.

30. Plaintiff Fernando also sporadically worked on Sunday.

31. Although Defendants officially permitted Plaintiff Fernando to take a 1-hour lunch break, he was rarely able to take more than 20 minutes

32. For this work, Defendants paid Plaintiff Fernando a daily salary.

33. Beginning in 2012, Defendants paid Plaintiff Fernando $120 a day.

34. In February 2017, Defendants raised Plaintiff Fernando's salary to $160 per day.

35. In December 2019, Defendants raised Plaintiff Fernando's salary to $180 per day.

36. Defendants failed to pay Plaintiff Fernando an overtime premium of time-and-a-half for each of his overtime hours.

### *Plaintiff Bruno's Schedule and Pay*

37. Plaintiff Bruno worked for Defendants from June 2015 until March 3, 2020.

38. Plaintiff Bruno similarly performed laborer work, doing the same jobs as Plaintiff Fernando.

39. Plaintiff Bruno worked Monday through Friday from 7:30 a.m. until 5:30 p.m. or 6:00 p.m.

40. On Saturday, Plaintiff Bruno worked from 7:30 a.m. until 2:30 p.m. or 3:00 p.m.

41. Plaintiff Bruno also sporadically worked on Sunday.

42. Although Defendants officially permitted Plaintiff Bruno to take a 1-hour lunch break, he was rarely able to take more than 20 minutes

43. For this work, Defendants paid Plaintiff Bruno a daily salary.

44. Beginning in 2015, Defendants paid Plaintiff Bruno $90 a day.

45. In December 2016, Defendants raised Plaintiff Bruno's salary to $100 per day.

46. In September 2017, Defendants gave Plaintiff Bruno a further raise to $110.

47. Finally, in December 2019, Defendants raised Plaintiff Bruno's salary to $130.

48. Defendants failed to pay Plaintiff Fernando an overtime premium of time-and-a-half for each of his overtime hours.

*Defendants' Violations of NYLL § 195*

49. Defendants have failed to provide Plaintiffs with a wage notice in compliance with NYLL § 195.

50. Defendants did not at any time provide Plaintiffs with a notice specifying their rate of pay, the basis of pay, allowances, if any, claimed against the minimum wage (e.g., tips, meals, lodging) or the identification of their regular pay day.

6

51. Defendants also failed to provide Plaintiffs with proper wage statements stating, among other things, the number of overtime hours they worked or their hourly rate for overtime hours.

## COLLECTIVE ACTION ALLEGATIONS

52. Defendants' failure to comply with the FLSA extended beyond the Plaintiffs to all other similarly situated employees insofar as Defendants had a policy to pay their employees at their regular rate for the hours they worked in excess of 40.

53. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated current and former non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

54. The consent to sue forms for Plaintiffs are attached hereto as **Exhibit 1**.

55. Upon information and belief, there are at least 40 current and former employees who have been denied proper overtime wage compensation while working for Defendants.

56. At all relevant times, Plaintiffs and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. The claims of Plaintiffs stated herein are similar to those of the other employees.

57. In bringing this action, Plaintiffs are representative of and are acting on behalf of the interests of other current and former non-exempt employees who have worked for Defendants within the last three (3) years.

## CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

58. Plaintiffs bring this action on behalf of themselves and all other non-exempt persons who were or are employed by the Defendants but who did not receive compensation required by the NYLL in respect to their work for the Defendants.

59. Upon information and belief, this class of persons consists of no fewer than 40 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

60. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

61. The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

62. Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

63. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

64. Plaintiffs bring the second through fourth claims for relief herein on behalf of themselves and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiffs and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

**FIRST CLAIM FOR RELIEF**
**(Overtime Wage Violations under the FLSA)**

65. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

66. Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per workweek.

67. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

68. Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Overtime Wage Violations under NYLL)**

69. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

70. New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

71. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay Plaintiffs and others

9

similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

72. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(NYLL Failure to Notify as to all Plaintiffs)**

73. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

74. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiffs and other similarly situated employee's hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

75. Pursuant to §195(3) of the NYLL, Defendants were required to provide to Plaintiffs and others similarly situated a wage statement containing, *inter alia*, a record of each overtime hour worked and the employee's overtime rate of pay.

76. Defendants failed to provide Plaintiffs and others similarly situated with a notice or proper wage statements in accordance with §195 of the NYLL.

77. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and wage statement, along with attorneys' fees, costs and prejudgment interest as

provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment for:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiffs' costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: March 11, 2021
      New York, New York

                                       Respectfully submitted,

                                       /s/ Michael Taubenfeld

                                       Michael Taubenfeld
                                       FISHER TAUBENFELD LLP
                                       225 Broadway, Suite 1700
                                       New York, New York 10007
                                       Phone: (212) 571-0700
                                       Facsimile: (212) 505-2001
                                       *ATTORNEYS FOR PLAINTIFFS*

# EXHIBIT 1

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de Quality Stone Corp., o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

FERNANDO
NOMBRE

_[signature]_
FIRMA

2/15/21
FECHA

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was formerly employed by Quality Stone Corp. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____*fv*_____
SIGNATURE

_____2/15/21_____
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Fernando Vilchis.

_____*matthew vasquez*_____
MATTHEW VASQUEZ

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de Quality Stone Corp., o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

_____Bruno_____
NOMBRE

_____Bruno_____
FIRMA

_____2/15/21_____
FECHA

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was formerly employed by Quality Stone Corp. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____*bu*_____
SIGNATURE

_____*2/15/21*_____
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Bruno Vilchis.

_____*matthew vasquez*_____
MATTHEW VASQUEZ

# EXHIBIT 2

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:     Quality Stone Corp.

PLEASE TAKE NOTICE that Fernando Vilchis and Bruno Vilchis, as employees of the above corporation who intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as a laborers, servants, and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who has expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

THEY ALSO HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
       March 11, 2021

FISHER TAUBENFELD LLP

_____/s/_____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

# NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:   George Papadonikolalas

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that FERNANDO VILCHIS and BRUNO VILCHIS, on behalf of themselves and on behalf of all others similarly situated, intends to charge you and hold you personally liable as one of the ten largest shareholders of Quality Stone Corp.., for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
March 11, 2021

FISHER TAUBENFELD LLP

_____/s/_____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
   *ATTORNEYS FOR PLAINTIFF*